# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**TERESA GOSLING,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0414** (BOR Appeal No. 2055950)
                              (Claim No. 2017027285)

**LIFEPOINT HOSPITALS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Teresa Gosling, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Lifepoint Hospitals, Inc., by Counsel Jordan Martin and Jeffrey B. Brannon, filed a timely response.

The issues on appeal are additional compensable conditions and temporary total disability benefits. The claims administrator denied the addition of left carpal tunnel syndrome and C5-6 disc bulge to the claim on December 20, 2018. On August 9, 2019, the claims administrator closed the claim for temporary total disability benefits. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its November 10, 2020, Order. The Order was affirmed by the Board of Review on April 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Gosling, a registered nurse, injured her left arm and elbow on May 4, 2017, when a car door she was holding onto was flung open by the wind generated by a helicopter. A left forearm x-ray performed that day showed no acute fractures. Ms. Gosling sought treatment at Raleigh General Hospital Emergency Department on May 5, 2017, for left arm pain as a result of the injury. She was diagnosed with left elbow hyperextension. The Employees' and Physicians' Report of Injury, completed on May 11, 2017, indicates Ms. Gosling was holding onto a car door when a gust of wind generated from a helicopter flung the door open. Ms. Gosling suffered a hyperextension of her left arm and elbow.

In a May 9, 2017, treatment note, George Charron, M.D., noted that Ms. Gosling reported left shoulder pain, as well as numbness in the left hand. Dr. Charron diagnosed left elbow pain. He noted that Ms. Gosling had no prior diagnosis of carpal tunnel syndrome and had not suffered a significant trauma to her left upper extremity. On June 1, 2017, Dr. Charron stated that the etiology of the left hand numbness was unknown. He diagnosed left shoulder pain and chronic pain.

A left shoulder MRI performed on May 26, 2017, showed a partial thickness tear of the supraspinatus tendon as well as acromioclavicular arthropathy. The claim was held compensable for hyperextended left arm on June 1, 2017. On July 18, 2017, Richard Wooten, MPT, diagnosed left shoulder rotator cuff tear and strain as well as left shoulder pain. He noted decreased sensation in the left radial nerve distribution.

In a July 24, 2017, treatment note, Dr. Charron stated that Ms. Gosling had a high grade partial thickness tear of the supraspinatus tendon. Ms. Gosling returned on October 17, 2017, with left shoulder pain, left elbow pain, and numbness in her left hand. On November 7, 2017, Dr. Charron diagnosed left upper extremity numbness of undetermined etiology. Dr. Charron noted on November 30, 2017, that a cervical MRI showed a small C5-6 disc herniation. On January 8, 2018, Ms. Gosling was seen for neck pain, left shoulder girdle pain, and left hand numbness. Ms. Gosling returned to Dr. Charron on January 25, 2018, for left shoulder pain. It was noted that an EMG/NCV showed carpal tunnel syndrome. Dr. Charron diagnosed left carpal tunnel syndrome.

An August 16, 2017, Operative Report indicates Ms. Gosling underwent surgery for persistent left shoulder pain and rotator cuff pathology. The postoperative diagnosis was degenerative fraying of the glenoid labrum and a high-grade tear of the supraspinatus tendon. On October 24, 2017, Barry Vaught, M.D., noted that five months post left shoulder surgery, Ms. Gosling continued to experience numbness and tingling in her thumb and index finger. She also reported pain down her left arm. Dr. Vaught diagnosed bilateral carpal tunnel syndrome, cervicalgia, left arm pain, and left arm weakness. Dr. Vaught opined that Ms. Gosling's carpal tunnel syndrome accounts for some, but not all, of Ms. Gosling's left upper extremity tingling and numbness. An EMG/NCS was performed on October 24, 2017, and showed carpal tunnel syndrome but no evidence of left cervical radiculopathy. A November 16, 2017, cervical MRI showed posterior disc straightening with disc degeneration and spurring at C5-6.

Dr. Charron requested the addition of small central disc bulge at C5-6 and left carpal tunnel syndrome to the claim on March 2, 2018. On March 28, 2018, an Operative Report indicates Ms. Gosling underwent arthroscopy for left shoulder rotator cuff disease, biceps tendinitis, and glenoid labrum tear. In a June 22, 2018, treatment note, Abdul Mirza, M.D., noted that Ms. Gosling suffered from chronic pain syndrome with an onset date of October 7, 2016.

A. E. Landis, M.D., performed an Independent Medical Evaluation on July 9, 2018, in which he noted that Ms. Gosling underwent an EMG/NCV which showed mild bilateral carpal tunnel syndrome. Dr. Landis opined that the condition was not related to the compensable injury because the injury was to the left upper extremity, but the carpal tunnel syndrome is bilateral. Tinel's and Phalen's signs were negative on examination. Dr. Landis noted that Ms. Gosling was extremely overweight, which can contribute to carpal tunnel syndrome. He opined that though an MRI showed cervical degenerative disc disease at C5-6, an examination of the cervical spine was normal. Dr. Landis opined that the compensable injury was a stress type left upper extremity injury, for which Ms. Gosling had not reached maximum medical improvement. He recommended a referral to a shoulder expert. Dr. Landis opined that carpal tunnel syndrome and C5-6 cervical disc herniation were not the result of the compensable injury and should not be added to the claim.

In a November 1, 2018, treatment note, Richard Spencer, M.D., noted that Ms. Gosling had chronic pain syndrome with an onset date of October 7, 2016, cervical radiculopathy, rotator cuff syndrome, and traumatic rotator cuff rupture. Ms. Gosling presented with left shoulder pain that radiated down the arm and neck pain. Dr. Spencer diagnosed cervical radiculopathy, rotator cuff syndrome, and traumatic rotator cuff rupture.

On November 29, 2018, George Bal, M.D., stated that Ms. Gosling presented with a recurrent left shoulder rotator cuff tear. Ms. Gosling also reported neck pain as well as numbness and tingling in the left shoulder, thumb, index finger, and middle finger. Dr. Bal diagnosed recurrent left rotator cuff tear. Dr. Bal recommended Ms. Gosling see a spinal surgeon for her neck symptoms. The claims administrator denied the addition of left carpal tunnel syndrome and C5-6 disc bulge to the claim on December 20, 2018.

On March 1, 2019, Ms. Gosling underwent left shoulder surgery for a recurrent rotator cuff tear and internal derangement. In a March 11, 2019, treatment note, Dr. Bal stated that Ms. Gosling

3

was ten days post left shoulder surgery. She reported pain in her neck and numbness in her forearm, thumb, index finger, and middle finger. Dr. Bal diagnosed status post left shoulder surgery and arm tingling and numbness. Ms. Gosling was to remain off of work until April 28, 2019.

Ms. Gosling returned to Dr. Spencer on May 10, 2019, and reported persistent numbness in the left forearm, thumb, index finger, and middle finger when she twisted her neck in certain positions. She also reported left hand and wrist weakness. Dr. Spencer diagnosed chronic pain syndrome and cervical radiculopathy. In a May 16, 2019, treatment note, Dr. Bal stated that Ms. Gosling continued to have neck, forearm, and finger symptoms. He released her to return to light duty work with restrictions. If the restrictions could not be accommodated, she was to remain off of work. A cervical MRI was performed on May 23, 2019, and showed minimal degenerative changes at C5-6 and no disc herniation.

Ms. Gosling testified in a May 29, 2019, deposition that she was not diagnosed with carpal tunnel syndrome prior to May 9, 2017. Ms. Gosling last underwent surgery on March 1, 2019, for the left shoulder. She stated that the surgery and subsequent physical therapy were authorized. Ms. Gosling testified that she still had numbness, pain and limited range of motion in the left shoulder. Regarding her wrists, the symptoms in her right wrist were alleviated by wearing a brace at night. The brace did not help the left wrist symptoms.

A June 6, 2019, physical therapy note from Southeastern Physical Therapy indicates Ms. Gosling continued to have pain in her shoulder and pain and numbness in her left hand. Further skilled physical therapy was recommended. On July 1, 2019, Dr. Bal stated in a treatment note that Ms. Gosling had reached maximum medical improvement for her left shoulder. He stated that her complaints of pain, numbness, and tingling could be originating in her neck. The claims administrator closed the claim for temporary total disability benefits on August 9, 2019.

Mike Jefferies performed a Functional Capacity Evaluation of Ms. Gosling on August 20, 2019, in which he found that Ms. Gosling could perform at the sedentary physical demand level; however, her specific restrictions limited the job pool. She could not return to her previous position as a registered nurse. Mr. Jefferies noted that the evaluation may not be a reliable indicator of Ms. Gosling's functional abilities due to inconsistencies during the examination.

On January 22, 2020, Jonathan Luchs, M.D., performed an Age of Injury Analysis of the May 23, 2019, cervical MRI, which showed degenerative changes at C5-6 and no evidence of a herniated disc. Dr. Luchs concurred with the MRI reader's findings and opined that the findings were all chronic.

In its November 20, 2020, Order, the Office of Judges affirmed the claims administrator's decisions denying the addition of left carpal tunnel syndrome and C5-6 disc bulge to the claim and closing the claim for temporary total disability benefits. The Office of Judges first addressed the addition of left carpal tunnel syndrome to the claim. It found that though the evidence establishes that Ms. Gosling suffers from carpal tunnel syndrome, the Office of Judges found that Ms. Gosling reported symptoms of carpal tunnel syndrome five days after the compensable injury; therefore, the carpal tunnel would have to be traumatic in nature. However, an October 24, 2017, EMG

showed mild carpal tunnel in both the left and right wrists, indicating the condition is not traumatic in nature. Further, Dr. Landis opined that the left carpal tunnel syndrome was not related to the compensable injury since the severity of the condition was equal in both wrists. The Office of Judges noted that West Virginia Code of State Rules § 85-20-41.2 states that carpal tunnel syndrome is often bilateral. The Office of Judges found that Ms. Gosling has confounding conditions in the form of obesity and sleep apnea, which can cause carpal tunnel syndrome. The Office of Judges concluded that Ms. Gosling did not develop left carpal tunnel syndrome as a result of her compensable injury.

Regarding the request to add C5-6 cervical disc herniation to the claim, the Office of Judges found that the request was made by Dr. Charron who stated that a cervical MRI showed a small disc herniation. The Office of Judges found that the two MRIs of record show disc degeneration but no herniation at C5-6. The Office of Judges noted that though Ms. Gosling reported to Dr. Bal that she had neck pain since the compensable injury, the treatment notes show that she did not report neck pain until six months after the injury. Further, Ms. Gosling was treated by Nurse Williams from May 19, 2017, through March 2, 2018, and physical examinations showed no musculoskeletal or neck abnormalities. The Office of Judges noted that Dr. Spencer diagnosed cervical nerve root compression, however, he did not review the MRI reports. The Office of Judges concluded that C5-6 disc herniation should not be added to the claim.

Finally, the Office of Judges determined that the claim was properly closed for temporary total disability benefits. Dr. Bal found that Ms. Gosling reached maximum medical improvement for the compensable left shoulder injury on July 1, 2019. Ms. Gosling submitted no evidence refuting the finding of maximum medical improvement, and no other conditions have been added to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 22, 2021.

On appeal, Ms. Gosling argues, per Dr. Charron's medical records, that the compensable injury resulted in left carpal tunnel syndrome and C5-6 disc herniation. She asserts that she reported numbness in her hands within a week of the compensable injury, and that Dr. Charron reviewed the MRI and saw a C5-6 disc herniation. Ms. Gosling argues that Dr. Charron's opinion should be given the greatest weight because he is her treating physician.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Ms. Gosling has failed to submit sufficient evidence to show that left carpal tunnel syndrome or C5-6 disc herniation should be added to the claim. Ms. Gosling suffers from mild bilateral carpal tunnel syndrome. Because the condition is equally severe in both wrists, the left carpal tunnel syndrome is not the result of the compensable injury. C5-6 disc herniation cannot be added to the claim because MRIs show degeneration but no disc herniation.

Pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to

work, or has returned to work, whichever occurs first. The claim has been held compensable for a left shoulder injury. Dr. Bal opined that Ms. Gosling reached maximum medical improvement for the left shoulder on July 1, 2019. His opinion is supported by the evidence of record. The claim was properly closed for temporary total disability benefits.

Affirmed.

**ISSUED: October 18, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn